UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


AUGUSTO CORNELIO                   )
                                   )
            Plaintiff              )
                                   )
      v.                           )  CIVIL NO. 05-10163-RGS
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Defendant              )


**GOVERNMENT'S RESPONSE TO DEFENDANT'S 28 U.S.C. § 2255 MOTION TO CORRECT CONVICTION AND SENTENCE**

Defendant has moved this Court to correct his conviction and sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this motion should be denied.

**I.    Introduction**

Defendant was indicted on July 30, 2003 on one count of making a false statement on a United States passport application, in violation of 18 U.S.C. § 1542, and one count of unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b). Defendant pled guilty to both counts on October 23, 2003 and was sentenced by this Court on January 22, 2004 to serve two concurrent 70 month sentences in jail. On February 23, 2004, this Court entered a judgement against Defendant on both counts, and terminated the case.

1

## II.  Defendant's Claim That The Indictment Improperly Failed to Allege Prior Convictions Is Foreclosed By Almendarez-Torres v. United States

Count Two of the Indictment charged the Defendant with unlawful re-entry of a deported alien "in violation of Title 8, United States Code, Sections 1326(a) and (b)."  Section 1326(a) prohibits aliens who have already been deported from re-entering the United States without express consent to do so.  Section 1326(b) provides for an increased maximum penalty for aliens who were deported subsequent to a conviction for an aggravated felony.

Defendant claims that his sentence should be corrected because the Government failed in Count Two of the Indictment to specifically allege Defendant's prior conviction as an element under 8 U.S.C. § 1326(b).  Def. Motion 4.  However, 8 U.S.C. § 1326(b) is merely "a penalty provision, which simply authorizes a court to increase the sentence for a recidivist.   It does not define a separate crime.  Consequently, **neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment**." Almendarez-Torres v. United States, 523 U.S. 224, 227 (1998)(emphasis added).

Since Almendarez-Torres, the Supreme Court has reiterated that prior convictions need not be charged as an element of an offense in an indictment, even if those convictions "increase the

2

penalty for a crime beyond the prescribed statutory maximum."
Apprendi v. United States, 530 U.S. 466, 490 (2000).  More
recently, the Supreme Court implicitly acknowledged the
continuing vitality of the prior convictions rule from
Almendarez-Torres.  See United States v. Shepard, 125 S.Ct. 1254
(2005) (holding that court may consider defendant's prior
convictions for sentencing purposes, but in doing so may not rely
on police reports or complaint applications).  Moreover, the
Supreme Court has consistently declined opportunities to overturn
Almendarez-Torres.  See, e.g., United States v. Mancia-Perez, 331
F.3d 464, 470 (5th Cir. 2003), cert. denied, 540 U.S. 935 (2003);
United States v. Moore, 286 F.3d 47 (1st Cir. 2002), cert.
denied, 537 U.S. 907 (2002).

Defendant also urges this Court to "adopt a rule that any
significant increase in a statutory maximum sentence would
trigger a constitutional 'elements' requirement."  Def. Motion 5.
However, the Supreme Court in Almendarez-Torres specifically
rejected a similar argument by the petitioner in that case,
finding that the Constitution imposes no such requirement to
allege prior convictions in an indictment merely because of a
significant increase in statutory maximum sentences.  Almendarez-
Torres, 523 U.S. at 247.  In short, Defendant's claim that his
sentence should be corrected because the Government failed to
allege his prior convictions in the Indictment is foreclosed by

3

<u>Almendarez-Torres</u> and should be denied.

### III.  Defendant's <u>Blakely</u> Claim Should Be Denied Because <u>Blakely</u> Does Not Apply Retroactively

Defendant claims that his sentence should be corrected because under <u>Blakely v. United States</u>, 124 S.Ct. 2531 (2004) the Government was required to submit proof beyond a reasonable doubt of Defendant's prior conviction to a jury.  However, Defendant fails to recognize that the <u>Blakely</u> rule does not apply retroactively.

Here, Defendant pled guilty on October 23, 2003, and was sentenced on January 22, 2004.  He did not appeal.  <u>Blakely</u> was not decided until five months later, on June 24, 2004.  The purpose of collateral review is not "to provide a mechanism for the continuing reexamination of final judgments based upon later emerging legal doctrine."  <u>Sawyer v. Smith</u>, 497 U.S. 227, 234 (1990).  When a decision announces a new rule of criminal procedure, the rule is not applicable to cases that became final before the decision, unless the rule falls into one of two narrow exceptions.  <u>Teague v. Lane</u>, 489 U.S. 288, 310-311 (1989)(plurality opinion); see <u>Penry v. Lynaugh</u>, 492 U.S. 302, 313-314 (1989) (adopting <u>Teague</u> plurality's approach to retroactivity).[1]  In accordance with <u>Teague</u>, to date no court has

---

[1]The first exception is "for new rules forbidding criminal punishment of certain primary conduct and rules prohibiting a certain category of punishment for a class of defendants because

4

extended the rule set forth in _Blakely_ to apply retroactively to cases on collateral review.  Indeed, those courts that have considered the issue with respect to initial section 2255 motions have explicitly held to the contrary.  See, e.g., _United States v. Coleman_, 329 F.3d 77 (2nd Cir. 2003)(_Apprendi_ rule does not apply retroactively to defendant's initial 28 U.S.C. § 2255 motion); _United States v. Price_, 2005 WL 535361 (10th Cir. 2005)(_Blakely_ rule does not apply retroactively to defendant's initial 28 U.S.C. § 2255 motion).  Accordingly, Defendant's _Blakely_-related claim should be denied.

## IV.  Defendant's Claim That He Received Ineffective Assistance of Counsel Does Not Satisfy the _Strickland_ Test

Finally, Defendant claims that counsel provided ineffective assistance by not raising a "_Winship_-like" _Apprendi_ or _Blakely_ claim.  Def. Motion 16.  He asserts that "every attorney who has failed to give their clients the representation equal to that which _Apprendi_ and _Blakely_ received rendered ineffective assistance of counsel."  Def. Motion 16-17.

A defendant seeking to raise a claim of ineffective assistance of counsel must show both that his counsel's

---

of their status or offense."  _O'Dell v. Netherland_, 521 U.S. 151, 157 (1997).  The second exception is limited to "watershed rules of criminal procedure" that are "central to an accurate determination of innocence or guilt."  _Schriro v. Summerlin_, 124 S. Ct. 2519, 2524-2525 (2004).  Neither of those narrow exceptions are at issue here.

performance fell below an objective standard of reasonableness, and that but for the error, the outcome would likely have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). The test in Strickland is a "highly demanding" one. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

Defendant here has failed the first prong of the Strickland test. First, counsel's performance cannot be considered "below an objective standard of reasonableness" for failing to raise an Apprendi claim regarding Defendant's prior conviction, when the Apprendi court specifically excluded prior convictions from its holdings. Moreover, as described above, judgment was issued in Defendant's case five months before Blakely was decided. Counsel's performance cannot be considered "below an objective standard of reasonableness" for failing to anticipate the Blakely decision. See, e.g., Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002), cert. denied, 540 U.S. 891 (2003).

Defendant here has also failed the second prong of the Strickland test, that but for counsel's failure to raise a Blakely or Apprendi claim regarding his prior conviction, the outcome in his case would likely have been different. Strickland, 466 U.S. at 687. Defendant fails to acknowledge that any such claim would likely have been foreclosed in any event under Almendarez-Torres, 523 U.S. at 227, regardless of whether counsel raised a Blakely or Apprendi claim. Thus, Defendant's

claim of ineffective assistance of counsel should be denied.

Finally, Defendant cites for support an unpublished federal district court opinion from New Mexico, <u>United States v. Pedro-Quijada</u> (#04-CR-0516). Def. Motion 17. After thorough research, the Government has been unable to locate this opinion. However, as even Defendant acknowledges, Def. Motion 18, in the Tenth Circuit, as in other circuits, <u>Blakely</u> and <u>Apprendi</u> do not apply to prior convictions. <u>United States v. Cooper</u>, 375 F.3d 1041, 1053 n. 3 (10th Cir. 2004). Simply, put, Defendant's claim for relief lacks merit.

**V.    Conclusion**

For the reasons set forth above, Defendant's motion under 28 U.S.C. § 2255 to correct his conviction and sentence should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:  <u>/s/ S. Waqar Hasib</u>
S. WAQAR HASIB
Special Assistant U.S. Attorney

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify I have caused a copy of the foregoing document to be served on defendant acting pro se by mailing it to him at FMC Devens, Ayer, MA 01432 this 29th day of March, 2005.


<u>/s/ S. Waqar Hasib</u>
S. Waqar Hasib
Spec. Assistant U.S. Attorney

8