UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10163-RGS

AUGUSTO CORNELIO

v.

UNITED STATES OF AMERICA

<u>MEMORANDUM AND ORDER ON A MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE</u>

August 11, 2005

STEARNS, D.J.

As the motion raises no issue of merit, it will be <u>DENIED</u>. On October 23, 2003, petitioner pled guilty to a two-count indictment charging the making of false statements on a passport application, 18 U.S.C. § 1542, and unlawful reentry after removal, 8 U.S.C. § 1326(a).[1] On January 22, 2004, the court sentenced petitioner to two concurrent terms of 70-months incarceration. Petitioner's sentence was enhanced pursuant to 8 U.S.C. § 1326(b), because of a prior conviction of an aggravated felony. Petitioner did not appeal.

Petitioner's first claim, that his sentence was wrongfully enhanced because Count II of the indictment failed to allege the prior conviction, is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 227 (1998).[2] The second claim, that petitioner is entitled

---

[1] A motion brought under 28 U.S.C. § 2255 is a federal prisoner's "surrogate for the historic writ of habeas corpus." <u>Ellis v. United States</u>, 313 F.3d 636, 641 (1st Cir. 2002). Hence, the use of traditional habeas vocabulary.

[2] It is true that Justice Thomas has expressed doubts about the future viability of <u>Almandarez-Torres</u>, most recently in <u>Shepard v. United States</u>, ___ U.S. ___, 125 S.Ct. 1254, 1264 (2005) (Thomas, J., concurring). Nonetheless, the prior conviction exception of <u>Alamandarez-Torres</u> remains controlling Supreme Court precedent and must be respected by this court.

to relief under Blakely v. United States, ___ U.S. ___, 124 S.Ct. 2531 (2004), or more appropriately, United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005),[3] would be plausible only if Booker applied retroactively, which it does not. New procedural rules do not apply retroactively to cases for which direct review is final (or where as here, the opportunity to seek such review has been waived). Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 2525 (2004). Booker establishes a new procedural rule and therefore does not apply to cases on collateral review. Cirilo-Munoz v. United States, 404 F.3d at 532-533. Petitioner's final claim, that his counsel rendered ineffective assistance by failing to press the Almendarez-Torres and Booker claims perforce falls short. The failure to seek relief that either could not be granted (Almendarez-Torres) or was and is not available (Booker), cannot by definition be said to have fallen below an objective standard of reasonableness or to have sacrificed a realistic prospect of a different outcome.[4] Strickland v. Washington, 466 U.S. 668, 687 (1984).

### ORDER

For the foregoing reasons, the motion is DENIED and the petition is DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns

---

[3]"Blakely claims are now viewed through the lens of [Booker]." Cirilo-Munoz v. United States, 404 F.3d 527, 532 (1st Cir. 2005).

[4]Petitioner also criticizes his counsel for failing to have the prior conviction vacated, characterizing his criminal record as "not grave" and "petty." In fact, according to the Presentence Report, during a relatively brief illegal residence in the United States, petitioner had compiled eleven criminal history points for crimes involving drug distribution, burglary, and receiving stolen property, placing him in a Criminal History Category V.

_____
UNITED STATES DISTRICT JUDGE